UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
NOV - 8 2021
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

| | |
|---|---|
| LEWIS ROSS BROWN, III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 21-2640 (UNA) |
| | ) |
| | ) |
| SUJATHA SANKULA, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

Plaintiff, appearing *pro se*, has filed a motion to proceed *in forma pauperis* ("IFP") and a complaint on behalf of his minor child. For the following reasons, the IFP motion will be denied, and this case will be dismissed.

Plaintiff states: "Basically, this case involves discrimination and retaliation against a minor. Since the minor can't file on his own, I am filing on his behalf as his parent." Am. Compl. at 3 ¶ III. [Dkt. # 5]. This he cannot do as a lay person. In federal court, a plaintiff cannot prosecute the claims of another individual, including a minor child, without licensed counsel. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel[.]"); *Berrios v. New York City Hous. Auth.*, 564 F.3d 130, 133 (2d Cir. 2009) ("a father [is] not allowed to bring suit on behalf of his minor daughter without representation") (following *Cheung v. Youth Orchestra Foundation of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990)). The Second Circuit explains that

> a non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child. The choice to appear *pro se* is not a true choice for minors who under state law, *see* Fed. R. Civ. P. 17(b), cannot determine their own legal actions. There is thus no individual choice to proceed *pro se* for courts to respect, and the sole

1

> policy at stake concerns the exclusion of non-licensed persons to appear as attorneys on behalf of others. It goes without saying that it is not in the interests of minors or incompetents that they be represented by non-attorneys. Where they have claims that require adjudication, they are entitled to trained legal assistance so their rights may be fully protected.

*Cheung*, 906 F.2d at 61. *See accord Lazaridis v. U.S. Dep't of Just.*, No. 09-cv-1177, 2011 WL 8831465, at *1 (D.D.C. Jan. 5, 2011) (citing cases from the Second, Third, Seventh and Tenth Circuit Courts of Appeals concluding same). A separate order of dismissal accompanies this Memorandum Opinion.[1]

                                                                        /s/_____
                                              COLLEEN KOLLAR-KOTELLY
                                              United States District Judge

Date: November 8, 2021

---

[1] Plaintiff alleges that Defendant, a Virginia citizen, "prevented" his mixed-race minor child from attending a "Bring Your Children to Workday" at the U.S. Environmental Protection Agency Headquarters Offices "in DC and Potomac Yards." Am. Compl. at 3-4 [Dkt. # 5]. From all indications, Defendant is being sued in her individual capacity. *See id*. at 4 (clarifying that "[t]he complaint is not against the EPA, but . . . is holding the First Line Supervisor Ms. Sankula who overstepped her official line as supervisor by overriding a decision to have this event that was made by then EPA Administrator Andrew Wheeler"). "Both D.C. and Virginia toll the statute of limitations for suits by minors until they reach majority age," thereby protecting any rights plaintiff's minor child may have "into the future." *Foretich v. Glamour*, 741 F. Supp. 247, 250 (D.D.C. 1990) (citing D.C. Code § 12–302; Va. Code § 8.01–229).